STATE OF NORTH CAROLINA    FILED   IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION

COUNTY OF DURHAM    2011 JUL 22 PM 1:11    11 CVS 4182

DURHAM COUNTY C.S.C.

| | |
|---|---|
| EPCON COMMUNITIES CAROLINAS, LLC and EPCON FARRINGTON, LLC, | ) ) ) ) ) |
| Plaintiffs, | ) )    **COMPLAINT**<br>)    **[COMP]** |
| v. | ) ) |
| IRIS M. TILLEY, individually and as TRUSTEE pursuant to the Tilley Six Trust (dated) September 17, 1993; THOMAS E. TILLEY, individually and as TRUSTEE pursuant to the B&R Farms Trust dated September 19, 1993 MELBA GEORGE, individually and as TRUSTEE of the Epcon Farm Trust; BARBARA WRIGHT, individually and as TRUSTEE of the Epcon Farm Trust, and the UNITED STATES OF AMERICA, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

Plaintiffs Epcon Communities Carolinas, LLC ["Epcon Carolinas"] and Epcon Farrington, LLC ["Epcon Farrington"], collectively "Epcon," assert the following claims for relief:

## I. OVERVIEW.

Epcon is an innocent third-party caught in, and damaged by, a dispute between the Internal Revenue Service ["IRS"] and a taxpayer who is unrelated to Epcon. Without knowledge of the tax dispute, Epcon, a small privately held business, contracted to purchase real property ["the Property"] in Durham County from certain trusts affiliated with the taxpayer. The existence of the Purchase Contract (as defined in Paragraph 10 below) was reflected in


GOVERNMENT EXHIBIT
1

documents recorded with the Durham County Register of Deeds, and Epcon incurred millions of dollars of expense in making improvements to the real property and in otherwise preparing to develop the real property as a residential community long before the IRS had given notice that it was claiming a lien.

The IRS first filed Notices of Federal Tax Lien relating to the taxpayer and possibly the trusts from whom Epcon was acquiring the Property only after (i) Epcon had contracted to purchase the Property, (ii) the existence of the Purchase Contract was reflected as a matter of public record in the Durham County Registry and (iii) Epcon had incurred millions of dollars in development costs, including but not limited to the construction of infrastructure, a community center and community entry for the benefit of the Property in its entirety. The filing of those Notices of Federal Tax Lien has created a cloud on title which has damaged Epcon by preventing Epcon from obtaining financing necessary to complete development of the Property, making it impossible for Epcon to construct and sell residential condominium homes in a substantial part of the Property and depriving Epcon of the benefits of the millions of dollars that it spent on development costs and infrastructure and other improvements for the benefit of the entire Property. As a consequence, Epcon's residential development, known as the Villas at Culp Arbor, has been stopped dead in the water when half completed.

The half of the Villas at Culp Arbor that was completed before the Notices of Federal Tax Lien were filed has attractive condominium homes in which individuals and families live. As a result of the cloud created by the Notices of Federal Tax Liens through no fault of Epcon, however, the second half is vacant except for infrastructure completed prior to the filing of the Notices of Federal Tax Lien. See Paragraph 40 below and Exhibit P to this Complaint for a graphic illustration.

-2-

The Defendants have not been responsive to Epcon's efforts to avoid this harm without litigation. Epcon therefore brings this action to obtain relief that will remove the cloud on its title without impairing (and possibly increasing) the ability of the IRS to collect the tax, if any, which is due from the taxpayer. Specifically, Epcon seeks a determination that the lien claimed by the IRS, if valid, should apply to the proceeds of the trusts' sale of the Property to Epcon (including the Promissory Note executed by Epcon for the purchase price of Phase 2) and not to the Property in Epcon's hands.

## II. BACKGROUND

**A.    Parties.**

1.    The Plaintiffs in this action are North Carolina limited liability companies as follows:

A.    Epcon Carolinas is a limited liability company organized under North Carolina law. Epcon Carolinas was formerly known as "Epcon Communities North Carolina, LLC." The entity changed its name to Epcon Communities Carolinas, LLC by amendment to its Articles of Organization filed on February 14, 2008.

B.    Epcon Farrington is a limited liability company organized under North Carolina law. Epcon Farrington is the assignee of the rights of Epcon Carolinas under the Purchase Contract described below.

C.    The beneficial owners of Epcon Carolinas and Epcon Farrington reside in Ohio and are not related to any of the defendants. The Tilley Defendants (as described below) own no interest in either Plaintiff. The remainder of this Complaint uses the term "Epcon" to refer to Epcon Carolinas and Epcon Farrington collectively, unless expressly noted otherwise.

-3-

2.      The Tilley Defendants are as follows:

A.      Upon information and belief, Defendant Thomas E. Tilley is a citizen and resident of Durham County, North Carolina and is trustee of the B&R Farms Trust dated September 17, 1993.

B.      Upon information and belief, Defendant Iris M. Tilley is a citizen and resident of Durham County, North Carolina and is trustee of the Tilley Six Trust dated September 19, 1993.

C.      Upon information and belief, Defendants Melba George and Barbara Wright are citizens and residents of Durham County or Orange County, North Carolina, and are trustees of the so-called Epcon Farm Trust. The Epcon Farm Trust is in no way related to Epcon. One or more of the Tilley Defendants or someone else other than Epcon created the so-called "Epcon Farm Trust," using Epcon's name without Epcon's consent and without Epcon's knowledge.

D.      This Complaint uses the term "the Tilley Trusts" to refer to the B&R Farms Trust, the Tilley Six Trust and the so-called Epcon Farm Trust. This Complaint also uses the terms "Mr. & Mrs. Tilley" to refer collectively to Thomas E. Tilley and Iris M. Tilley, individually and in their capacities as trustees of the Tilley Trusts. Finally, this Complaint uses the term "the Tilley Defendants" to refer to all defendants identified in subparagraphs 2, A through 2, C of this Complaint.

3.      The United States of America ["US"], through employees of the IRS, has filed with the Durham County Clerk of Superior Court certain purported Notices of Federal Tax Lien which are more fully discussed below.

-4-

4.     The US is named as a defendant in this action solely for purposes of quieting title to the Property in Durham County that Epcon, in good faith and without knowledge of any competing claim, purchased from the Tilley Trusts and to seek relief in the form of interpleader or in the nature of interpleader with respect to the proceeds due to the Tilley Trusts from Epcon's purchase of Phase 2 of the Property (as defined below) from the Tilley Trusts.

5.     Epcon does not seek (i) monetary relief from the US, (ii) an injunction against the collection of any tax, (iii) a determination that any tax is not due or (iv) any other relief determining that tax claimed by the United States is not valid or due.

6.     The US may be named as a party in this civil action in Durham County Superior Court pursuant to 28 USC §2410.

**B.     Jurisdiction and Venue.**

7.     Jurisdiction in this Court is proper pursuant to N.C. Gen. Stat. §§1-253 through 1-256, Rule 22 of the North Carolina Rules of Civil Procedure and 28 USC §2410.

8.     Venue in Durham County is proper pursuant to N.C. Gen. Stat. §1-76 and other applicable law because this action relates to title to real property in Durham County and some of the Defendants reside or maintain places of business in Durham County.

**C.     Epcon Contracts to Purchase the Property.**

9.     As of May 2, 2007, the Tilley Trusts held record title to certain real property located at 4920 and 5104 Farrington Road, Chapel Hill, Durham County, North Carolina ["the Property"]. The Property is all of that certain property referenced in each of the following:

     A.     Book 1983, page 119 of the Durham County Registry.

     B.     Book 2265, page 848 of the Durham County Registry.

     C.     Book 2265, page 854 of the Durham County Registry.

10.     On or about May 2, 2007, Epcon Carolinas, then known as Epcon Communities North Carolina, LLC, contracted to purchase the Property from the Tilley Trusts for a purchase price of $4.25 million ["Purchase Price"]. A true and accurate copy of the Agreement for Purchase and Sale of Real Property ["the Purchase Contract"] between Epcon Communities North Carolina, LLC and the Tilley Trusts is attached to this Complaint as Exhibit A.

11.     Defendant Thomas Tilley executed the Purchase Contract as trustee for the B&R Farms Trust, and Defendant Iris M. Tilley executed the Purchase Contract as trustee of the Tilley Six Trust. Mr. & Mrs. Tilley as trustees of the Tilley Trusts agreed in the Purchase Contract to convey fee simple marketable and insurable title to the Property free and clear of all liens, encumbrances and defects in title with certain limited exceptions not relevant here.

12.     The Purchase Contract was amended in writing on December 22, 2008. A true and accurate copy of the First Amendment to Agreement for Purchase and Sale of Real Property is attached to this Complaint as Exhibit B.

13.     The Purchase Contract was amended in writing a second time on April 20, 2010. A true and accurate copy of the Second Amendment to Agreement for Purchase and Sale of Real Property is attached to this Complaint as Exhibit C.

14.     Defendants Thomas E. Tilley and Iris M. Tilley, in their capacity as trustees for the Tilley Trusts, executed the Purchase Contract and both of the Amendments to the Purchase Contract mentioned above.

15.     The Purchase Contract, as amended, provided for Epcon Carolinas to purchase the Property in two phases. Phase 1 consisted of 16.3 acres and Phase 2 consisted of the remaining 16.7 acres of the Property. Phase 1 and Phase 2 are sometimes collectively referred to as "Phases".

-6-

16.     The Purchase Price set forth in the Purchase Contract, as amended, represents a purchase for the then-fair market value negotiated at arms-length by unrelated parties. Other than being parties to the Purchase Contract, Epcon has no relationship with Mr. & Mrs. Tilley, other members of the Tilley Family or the Tilley Trusts.

17.     Although the Purchase Price provided in the Purchase Contract, as amended, represented the then-fair market value of the Property, that Purchase Price is now substantially higher than current fair market value due to the decline in the Durham County real estate market in connection with and following the financial crisis of 2008. Without limiting the foregoing, the Purchase Price allocated to Phase 1 of the Property exceeds its current fair market value, and the portion of the Purchase Price allocated to Phase 2 exceeds its current fair market value.

**D.    The Closing of Epcon's Purchase.**

18.     Epcon's purchase of Phase 1 of the Property closed on December 23, 2008. Epcon Farrington paid the Tilley Trusts $2 million of the Purchase Price for Phase 1, which funds Epcon obtained by way of a commercial loan from a lender unrelated to this dispute. A true and accurate copy of the Deed to Epcon Farrington for Phase 1 is attached to this Complaint as Exhibit D. It was executed by some of the Tilley Defendants as reflected by Exhibit D.

19.     In January, 2010, the B&R Farms Trust and the Tilley Six Trust conveyed the remaining Phase 2 Property to the so-called Epcon Farm Trust. This was done without Epcon's knowledge (until after the fact) and for reasons unknown to Epcon.

20.     On or about September 23, 2010, Epcon closed its purchase of Phase 2 under the Purchase Contract. Epcon Farrington paid the balance of the Purchase Price of $2.25 million for Phase 2, in the form of a Promissory Note, dated September 22, 2010, payable to the so-called Epcon Farm Trust and secured by a deed of trust. A true and accurate copy of the Deed from the

Epcon Farm Trust to Epcon Farrington is attached to this Complaint as Exhibit E. The deed conveying Phase 2 to Epcon was executed by defendants Melba George and Barbara Wright as trustees for the Epcon Farm Trust, as reflected by Exhibit E. A true and accurate copy of the Promissory Note from Epcon is attached to this Complaint as Exhibit F. The Deed of Trust securing payment of that Promissory Note is attached as Exhibit G.

21.     The current principal balance of the Promissory Note is $2.25 million.

22.     The balance owing under the Promissory Note is greater than the current market value of the undeveloped Phase 2 because the market value of such Property in the Durham County area has declined substantially since the purchase price for the Property was negotiated near the peak of the real estate market in the Durham County area and prior to the financial crisis of 2008 and the resulting decline in the real estate market. The balance of the Promissory Note is an amount substantially greater than the IRS could realize by foreclosing on its tax lien on Phase 2.

**E.     Epcon's Reliance On the Purchase Contract Without Notice of the Asserted Federal Tax Lien.**

23.     Epcon purchased the Property in order to develop the Property as a residential community, known as the Villas at Culp Arbor, in which approximately 133 condominium homes would be built and sold to members of the general public.

24.     Beginning in December of 2008, Epcon took possession of the Property in its entirety, including both Phase 1 and Phase 2, and began infrastructure construction, including underground sanitary sewer, and other development work on and for the benefit of both Phases.

25.     On December 23, 2008, Epcon recorded in the Durham County Registry a Construction Easement Agreement executed by the parties and providing for the necessary utility and access easements and other provisions permitting the above-described infrastructure

-8-

construction and other development activity to proceed. The Construction Easement Agreement expressly gave record notice that there was a Purchase Contract that "granted Epcon exclusive right to purchase the second Phase premises (*i.e.* Phase 2) on the terms and conditions contained therein." A copy of the Construction Easement Agreement is attached to this Complaint as Exhibit H.

26.     In order to develop the Property, Epcon worked with the Durham City-County Planning Department to develop a development plan for the Property which culminated with a the recordation of an approved "final plat" on July 30, 2009. In furtherance of the development contemplated by the recorded "final plat," Epcon undertook considerable upfront work, cost and risk, including, but not limited to, (i) annexation, (ii) rezoning, (iii) extending, at great expense, sanitary sewer service more than one-half mile under the adjacent Interstate 40, (iv) soil testing, (v) civil engineering, (vi) public road widening, (vii) market studies, (viii) environmental studies and (ix) obtaining a development loan. This construction of infrastructure and other development activity by Epcon was on and benefited the Property in its entirety, including both Phase 1 and Phase 2.

27.     By way of illustration and not limitation, Epcon incurred the following expenses in connection with both Phase 1 and Phase 2:

A.     Epcon widened the public roadway (Farrington Road) across the entire Property (including both Phase 1 and Phase 2) at a cost of $389,000.

B.     Epcon extended the sanitary sewer from offsite, passing underneath Interstate 40, and extending to both Phases at a cost of approximately $1,500,000 with recordation of a public easement for such sewer service.

C.     Epcon installed water service for both Phases at a cost of $123,032.

-9-

D.     Epcon constructed a community center and community entrance way for the benefit of both Phases at a cost of $565,854.

E.     Epcon petitioned for and obtained annexation and rezoning of the entire Property (both Phase 1 and Phase 2) at a cost of $278,000.

F.     Epcon completed engineering for both Phase 1 and Phase 2 at a cost of $332,000 and incurred legal fees of $89,000.

28.     On or before September 30, 2009, Epcon's expenditure for improvements and other development expenses allocable to Phase 2 were in excess of $1.2 million. In addition, Epcon has paid interest on the portion of the Purchase Price paid for Phase 2 land which has totaled more than $49,087.50 before the first Notice of Federal Tax Lien was filed on March 5, 2010. (See Paragraph 32 below.)

29.     Epcon would not have purchased any of the Property and would not have incurred the cost of the infrastructure construction and other development work described above if it had not believed in good faith, based on the Purchase Contract and the absence of any record notice of any competing claim, that it would receive good fee simple marketable title to all of the Property, including both Phase 1 and Phase 2. The cost of the infrastructure and other development work described above was, and is, so expensive that it would not have been economically practical if only Phase 1 of the Property were to be included in the residential development. Epcon incurred the massive expenses only because it believed in good faith that it would receive good marketable title to both Phase 1 and Phase 2 and that the cost therefore could be amortized over both Phases.

30.     The IRS had not filed any Notice of Lien on the Durham County Public Record as of the time of any of the following:

-10-

A.   Epcon's execution of the Purchase Contract (Exhibit A hereto) and the amendments to the Purchase Contract (Exhibits B and C hereto).

B.   Epcon's payment of $2 million to close the purchase of Phase 1 of the Property and the recording of the deed conveying Phase 1 to Epcon Farrington (Exhibit D hereto).

C.   The execution and recording of the Construction Easement Agreement (Exhibit H hereto) which gave notice on the public record that Epcon possessed the exclusive contractual right to purchase Phase 2 in addition to Phase 1.

D.   The approval and recording of the "final plat" which gave notice on the public record that Epcon had received approval from the Durham City-County Planning Department to develop the Property.

E.   Epcon's substantial expense in constructing the infrastructure construction, construction of other improvements and other development activities on and benefiting both Phase 1 and Phase 2, all in reliance on the Purchase Contract on a good faith belief, without notice from the US, that it would receive good title to both Phases of the Property and would be able to amortize expenses over both Phases.

31.   Epcon had no actual knowledge that the IRS claimed any interest in the Property before June of 2010, by which time Epcon had incurred the substantial expense and otherwise acted in reliance on its acquisition of the Property as described above.

**F.   The IRS Notices of Alleged Federal Tax Lien.**

32.     On or about March 5, 2010, the IRS for the first time filed a Notice of Federal Tax Lien with respect to Thomas E. Tilley (whose address was listed on the notice as 4920 Farrington Road, Chapel Hill, NC 27517-8603) with the Durham County Clerk of Superior Court. A copy of that Notice of Federal Tax Lien is attached to this Complaint as Exhibit I. As reflected by that exhibit, the Notice of Federal Tax Lien, which is designated as File No. 10-M-566 in the Durham County Clerk of Superior Court's Office, related solely to Thomas E. Tilley, was issued by the Baltimore, Maryland office of the IRS and was signed for the IRS by R. A. Mitchell for James M. Hill, Revenue Officer. Upon information and belief, no Notice of Federal Tax Lien had been filed in Durham County by the IRS with respect to Mr. Tilley or the Tilley Trusts prior to the filing of the Notice of Federal Tax Lien attached as Exhibit I.

33.     On or about August 26, 2010, the IRS filed two additional Notices of Federal Tax Lien as follows:

    A.     A Notice of Federal Tax Lien designated as File No. 10-M-1950 in the Office of the Durham County Clerk of Superior Court, signed for the IRS by P. W. Simpson, employee No. 56-687215, and issued from the Durham, NC office of the IRS. This Notice of Federal Tax Lien designated the taxpayer as "Thomas E. Tilley, as Trustee for Epcon from Trust as Nominee/Alter Ego of Thomas E. Tilley"[sic], and provided an address for the taxpayer of 4920 Farrington Road, Durham, NC 27707. A copy of this Notice of Federal Tax Lien is attached to this Complaint as Exhibit J.

    B.     A Notice of Federal Tax Lien designated as File No. 10-M-1948 in the office of the Durham County Clerk of Superior Court, signed for the IRS

by P. W. Simpson, employee No. 56-687215, was issued from the Durham, NC office of the IRS. This Notice of Federal Tax Lien designated the taxpayer as "Barbara Wright, Individually and Barbara Wright as Trustee Fo [*sic*] the Tilley Six Trust, Barbara Wright as Trustee of Epcon Farm Trust as Nominee/Alter Ego of Thomas E. Tilley" [*sic*], and provided an address for the taxpayer of 4920 Farrington Road, Durham, NC 27707. A copy of this Notice of Federal Tax Lien is attached to this Complaint as Exhibit K.

34.     On or about August 27, 2010 the IRS filed three additional Notices of Federal Tax Lien as follows:

    A.     A Notice of Federal Tax Lien designated as File No. 10-M-2008 in the Durham County Clerk of Superior Court's Office, signed for the IRS by P. W. Simpson, employee No. 56-687215, and issued from the Durham, NC office of the IRS. This Notice of Federal Tax Lien designated the taxpayer as "Melba George, Individually and Melba George as Trustee of the Tilley Six Trust, Melba George as Trustee of Epcon Farm as Nominee/Alter Ego of Thomas E. Tilley" [*sic*], and provided an address for the taxpayer of 4920 Farrington Road, Chapel Hill, NC 27707. A copy of this Notice of Federal Tax Lien is attached to this Complaint as Exhibit L.

    B.     A Notice of Federal Tax Lien designated as File No. 10-M-1995 in the Durham County Clerk of Superior Court's Office, signed for the IRS by P. W. Simpson, employee No. 56-687215, and issued from the Durham, NC

-13-

office of the IRS. This Notice of Federal Tax Lien designated the taxpayer as "The Epcon Farm Trust, Iris Tilley as Trustee as Nominee/Alter Ego of Iris Tilley" [*sic*] and provided an address for the taxpayer of 4920 Farrington Road, Chapel Hill, NC 27707. A copy of this Notice of Federal Tax Lien is attached to this Complaint as Exhibit M.

C.   A Notice of Federal Tax Lien designated as File No. 10-M-2014 in the Durham County Clerk of Superior Court's Office, signed for the IRS by P. W. Simpson, employee No. 56-687215, and issued from the Durham, NC office of the IRS. This Notice of Federal Tax Lien designated the taxpayer as "Thomas E. Tilley as Trustee for Epcon Farm Trust, as nominee/alter ego of Thomas E. Tilley" and provided an address for the taxpayer of 4920 Farrington Road, Durham, NC 27707. A copy of this Notice of Federal Tax Lien is attached to this Complaint as Exhibit N.

35.   As reflected by Exhibits 1 through N, none of the Notices of Federal Tax Lien filed with the Durham County Clerk of Superior Court expressly relate to the Property, and it is not clear that the description of the "taxpayer" in such Notices is sufficient to create a lien on the Property under the applicable statute, even if a lien were otherwise enforceable against the Property. Nevertheless, the Notices of Federal Tax Lien create a cloud on Epcon Farrington's title that has (i) caused commercial lenders to decline to make previously committed loans to Epcon to finance the purchase of Phase 2 of the Property, (ii) caused lenders to decline to make loans to Epcon for the development of Phase 2, and (iii) caused title insurance companies to refuse to insure Epcon's title to Phase 2 of the Property even though such title insurance

-14-

companies had agreed to provide title insurance prior to the filing of the Notices of Federal Tax Lien.

36.     Upon information and belief, the Notices of Federal Tax Lien relate to taxes claimed by the IRS against Thomas E. Tilley and Iris M. Tilley. Upon information and belief, the Notices of Federal Tax Lien do not relate to taxes claimed against the Tilley Trusts, except that Epcon is informed and believes that the IRS contends that the Tilley Trusts are alter egos of Mr. & Mrs. Tilley and that the IRS considers Mr. Tilley to be "a tax protestor."

37.     None of the Notices of Federal Tax Lien relate to any tax due from Epcon or have any relationship to Epcon. Epcon's only role is that it is an innocent bystander caught in the crossfire between the IRS and the Tilley Defendants.

38.     In addition to filing the Notices of Federal Tax Lien, the IRS has purported to levy on the Promissory Note from Epcon to the Tilley Trusts and the Deed of Trust securing that Note. A copy of the Levy is attached as Exhibit O to this Complaint.

**G.     Injury to Epcon.**

39.     As a result of the cloud placed on its title to the Property – and especially Phase 2 of the Property – by the Notices of Federal Tax Lien, Epcon has suffered and is continuing to suffer substantial damages including but not limited to (i) the inability to obtain loans to complete the development of the Property, (ii) imposition of onerous release provisions by lenders on existing loans due to the inability of Phase 1 to support the burden of the infrastructure and (iii) other improvement costs and inability to sell Phase 2 homes.

40.     Exhibit P to this Complaint graphically illustrates the impact of the cloud on title on Epcon and the residential community known as the Villas at Culp Arbor which Epcon is constructing. Phase 1, which was developed before the Notices of Federal Tax Lien were filed,

-15-

has attractive condominium homes, many of which have been sold to members of the public and are the residences of individuals and families. Phase 2, on the other hand, is vacant except for the infrastructure that was constructed prior to the filing of the Notices of Federal Tax Lien. The community center built to serve both Phases, at substantial expense to Epcon, is serving only half its intended purpose. Epcon, through no fault of its own, is unable to obtain any return on its investment of millions of dollars in Phase 2.

41.     The above described damages to Epcon will continue to accrue until the cloud on Epcon's title to the Property is removed.

42.     Epcon is prepared to pay to the Clerk of this Court the payments on the Promissory Note executed for the balance of the Purchase Price of Phase 2 in accordance with the terms of the Promissory Note so that such monies can be paid by the Court to the IRS and/or the Tilley Trusts, as their interests may be determined by the Court and upon such payments, Epcon would be entitled to the release of portions of the Property from the liens of the Deed of Trust or the alleged tax liens, on the terms set forth in the Deed of Trust, in order to allow the development of the Property and sale of homes.

43.     The ability of the IRS to collect the tax it claims from the Tilley Defendants will not be impaired by substituting a lien on the Promissory Note and Deed of Trust for the Federal Tax Lien, if any, on the Property and providing for the release of condominium home sites from the Deed of Trust in favor of the Tilley Trusts and/or from the alleged tax lien upon payment of the appropriate release fees. As set forth above, the amount due on the Promissory Note exceeds the amount that the IRS could realize from foreclosing on the lien, if any, on the Property. What is more, freeing the Property from the cloud on title created by the Notices of Federal Tax Lien will increase the benefits to the IRS from its levy on the Promissory Note and Deed of Trust by

-16-

permitting Epcon to generate funds to make payments on the Promissory Note by constructing and selling condominium homes as intended.

### III. CLAIMS FOR RELIEF

**A.**     **First Claim for Relief – To Quiet Title**.

44.     The allegations of Paragraphs 1 through 43 above are incorporated herein by reference.

45.     The Notices of Federal Tax Lien filed with the Durham County Clerk of Superior Court do not create a lien that applies to the interest of Epcon in the Property or Epcon's interest in either Phase of the Property.

46.     26 USC §6323(a) expressly provides that a Federal Tax Lien does not apply to the interest of purchasers of real property under purchase contracts executed before filing of the Notice of Federal Tax Lien provided that the interest of the purchaser would be enforceable under state law with respect to subsequent purchasers without notice.

47.     Epcon's interest in the Property is excluded from any Federal Tax Lien under 26 USC §6323(a) and Epcon's interest would have been enforceable under North Carolina law against subsequent purchasers as of the filing of the Notices of Federal Tax Lien given the following facts:

         A.     The Purchase Contract was executed almost three years before the first of the Notices of Federal Tax Lien was filed in Durham County.

         B.     The Deed conveying Phase 1 of the Property to Epcon Farrington has been of public record in the Office of the Durham County Register of Deeds office at all times since December 23, 2008, almost nineteen months before the first Notice of Federal Tax Lien was filed in Durham County.

-17-

C.   The Construction Easement Agreement, which provides record notice to all subsequent potential purchasers of the Purchase Contract granting Epcon the exclusive right to purchase Phase 2 has been a public record in the Durham County Registry at all times since December 23, 2008, almost nineteen months before the first Notice of Federal Tax Lien was filed in Durham County.

D.   The recorded "final plat," which provides record notice of the Durham City-County Planning Department approval of Epcon's development plan for the Property, has been a public record since July 30, 2009, almost eight months before the first Notice of Federal Tax Lien was filed in Durham County.

E.   Epcon publically petitioned for annexation and rezoning of the entire Property, including both Phase 1 and Phase 2 and such petitions were matters of public record in Durham County, and multiple stories about such petitions appeared in the local press – all of which occurred before the first Notice of Federal Tax Lien with respect to the Tilley Defendants was filed in Durham County.

F.   Epcon, at substantial expense and in reliance on the above referenced Purchase Contract and Deed, performed substantial infrastructure construction and other development work on and for the benefit of the entire Property, including both Phase 1 and Phase 2, and the actual possession of the Property and performance of work thereon by Epcon

-18-

would have given prospective purchasers actual notice of its interest especially combined with the record notice summarized above.

48.    Upon information and belief, the US may dispute that its Notices of Federal Tax Lien do not have priority over Epcon's interest in one or more of the Phases of the Property. Even if the US does not so contend, the presence of the Notices of Federal Tax Lien on the public record creates uncertainty about Epcon's title which is causing substantial injury to Epcon.

49.    The foregoing constitutes an actual, existing and justiciable controversy which this Court can resolve under N.C. Gen. Stat. §§1-253 through 1-256 and 28 USC §1610.

50.    By reason of all the foregoing, Epcon is entitled to judgment declaring that the alleged Federal Tax Liens to which Exhibits I through N of this Complaint refer are not effective against the interest of Epcon, that Epcon's ownership of the Property is free and clear of any such lien claim by the US, and that those who purchase condominium homes on the Property from Epcon are not subject to any Federal Tax Lien.

B.    **Second Claim for Relief – Interpleader**

51.    The allegations of Paragraphs 1 through 50 above are incorporated herein by reference.

52.    The IRS, through its levy, contends that it has the right under its levy and/or Notices of Federal Tax Lien to receive the payments from Epcon to the Tilley Trusts (including both Promissory Note payments and release fees for the sale of individual condominium homes) under the Promissory Note and Deed of Trust for the purchase price of Phase 2 as such payments are made.

53.     Upon information and belief, the Tilley Trusts and/or Mr. & Mrs. Tilley dispute the contention of the US and contend that such payments from Epcon on the Promissory Note should be made to the Tilley Trusts as they are required to be made.

54.     By reason of the foregoing, Epcon is subject to conflicting claims with respect to its payments under the Promissory Note. If Epcon makes its payments to the IRS, then it may be subject to claims by the Tilley Trusts. Conversely, if Epcon makes its payments to the Tilley Trusts, it may be subject to claim by the United States and may be in violation of the levy by the IRS.

55.     By reason of the conflicting claims asserted by Defendants in this action, Epcon is or may be exposed to multiple liabilities, and Epcon has no means of making a definite, legal and binding determination of the identity of the person or persons entitled to receive the payments other than by filing this Complaint. Consequently, Epcon is entitled to relief pursuant to Rule 22 of the North Carolina Rules of Civil Procedure.

56.     In addition, as a practical matter, Epcon cannot make the payments under the Promissory Note and Deed of Trust unless it can build and sell condominium homes to generate the funds, and Epcon cannot build or sell condominium homes unless it can convey good marketable title to construction lenders and purchasers upon payment of the release fees contemplated by the Deed of Trust.

57.     Epcon is prepared to make its payments into an appropriate escrow account or the Clerk of this Court and to abide by the decision of this Court as to which of the defendants is entitled to receive those payments, provided that individual condominium home sites are released from the Deed of Trust and/or Lien upon delivery to the Court of the appropriate release

-20-

fee as provided in the Deed of Trust so that construction financing can be obtained and so that good marketable title can be conveyed to purchasers.

58.    Epcon therefore is entitled to an order:

    A.    Restraining and enjoining Defendants from commencing or prosecuting any action against Epcon with respect to payments due under the above-referenced Promissory Note;

    B.    Allowing Epcon to deposit its payments under the Promissory Note into an appropriate escrow account with the Clerk of this Court pending the Court's ruling about which of the defendants is entitled to receive those payments;

    C.    Providing that portions of the Property will be released from the Deed of Trust and/or Federal Tax Lien upon payment to the Clerk of the release fees for such portions of the Property in accordance with the Deed of Trust;

    D.    Directing Defendants to interplead their claims with respect to the payments under the Promissory Note;

    E.    Discharging Epcon from any and all claims to its payments under the Promissory Note by Defendants or any other party absent intentional misapplication of the payments;

    F.    Awarding Epcon, from the payments, its costs, expenses and fees, including but not limited to, attorneys' fees incurred in prosecuting this action up to and including the time that this Court authorizes Epcon to make the payments into Court; and

-21-

G.    Granting such other and further relief as this Court deems appropriate.

**C.    <u>Third Claim for Relief – Alternative Claim for Breach of Warranties.</u>**

59.    The foregoing allegations of Paragraphs 1 through 58 are incorporated herein by reference.

60.    The Purchase Contract obligates the Tilley Trusts to deliver good marketable title to the Property, including both Phase 1 and Phase 2.

61.    The General Warranty Deeds executed by the Defendants other than the US ["the non-US Defendants"] to convey the Property to Epcon Farrington covenant and warrant that the grantors were conveying fee simple title that is marketable and free and clear of all encumbrances with certain exceptions not relevant here.

62.    If the US has valid Federal Tax Liens against the Property, or Phase 2 thereof, that have priority over the interest of Epcon Farrington (which is denied), then such lien constitutes a breach of the Tilley Defendants' obligations under the Purchase Contract and the General Warranty Deeds.

63.    Such breach of the Tilley Defendants' obligations has damaged Epcon and will continue to damage Epcon in an amount exceeding the amounts due from Epcon on the Promissory Note given for the purchase of Phase 2.

64.    By reason of the foregoing, if the Court were to determine that the US has a lien that is superior to Epcon's interest in the Property, Epcon should be entitled to offset its damages against the amount due under the Promissory Note and to refrain from making any payments under the Promissory Note to either the Tilley Trusts or the US.

65.     Epcon is also entitled to judgment against the Tilley Defendants for any damages caused by the breach of contract and breach of warranty to the extent that it exceeds the amounts payable under the Promissory Note.

WHEREFORE, Epcon respectfully requests the following relief:

1.     Judgment declaring that the US has no Federal Tax Lien applicable to the interest of Epcon in the Property, including, but not limited to, Phase 2 of the Property.

2.     Relief in interpleader as more fully set forth in Paragraphs 52-58 of this Complaint.

3.     In the alternative, if it is determined that the US has a lien on Epcon's interest in Phase 2 of the Property, then judgment declaring that Epcon is entitled to offset its damages for breach of contract and for breach of warranty against the amounts due under the Promissory Note given for the Purchase Price of Phase 2 and judgment against the Tilley Defendants for any damages in excess of the amount of such Promissory Note.

4.     Judgment taxing against some party other than Epcon all taxable costs of this action, including Epcon's reasonable attorneys' fees and other litigation expenses to the extent, if any, permitted by applicable law.

5.     Trial by jury on all issues so triable.

6.     Such other and further relief in favor of Epcon as may be appropriate under applicable law.

This the 22nd day of July, 2011.

                                        _____
                                        Michael T. Medford
                                         N.C. State Bar # 7227
                                        Judson A. Welborn
                                          N.C. State Bar # 25756
                                        MANNING, FULTON & SKINNER, P.A.
                                          *Attorneys for Epcon Communities Carolinas, LLC*
                                          *and Epcon Farrington, LLC*
                                        3605 Glenwood Avenue - Suite 500
                                        Post Office Box 20389
                                        Raleigh, North Carolina 27619
                                        Telephone:      (919) 787-8880
                                        Telefax:        (919) 325-4618

688664-7/L41837

-24-