IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| EPCON COMMUNITIES CAROLINAS, LLC and EPCON FARRINGTON, LLC, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 1:11CV643 |
| IRIS M. TILLEY, individually and as TRUSTEE pursuant to the Tilley Six Trust (dated) September 17, 1993; THOMAS E. TILLEY, individually and as TRUSTEE pursuant to the B&R Farms Trust dated September 19, 1993; MELBA GEORGE, individually and as TRUSTEE of the Epcon Farm Trust; BARBARA WRIGHT, individually and as TRUSTEE of the Epcon Farm Trust, and the UNITED STATES OF AMERICA, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on a Motion to Dismiss Counterclaim [Doc. #41] and Renewed Motion to Dismiss Counterclaim [Doc. #47] filed by Plaintiffs Epcon Communities Carolinas, LLC and Epcon Farrington, LLC.

Defendants Thomas and Iris Tilley ("the Tilleys") have filed a *pro se* Counterclaim [Doc. #39, #44] against Plaintiffs. Although the nature of the counterclaim is not clear, the Tilleys essentially contend that Plaintiffs violated their rights in some manner by objecting to Plaintiffs' prior request for a continuance and by causing certain documents filed with the Court to be made public. The Tilleys refer to the claims as claims for defamation and "barratry," apparently

based on the Tilleys' allegations that Plaintiffs and/or the Clerk's Office provided Court documents from this case to third parties.

In considering a motion to dismiss for failure to state a claim on which relief may be granted under Federal Rule of Civil Procedure 12(b)(6), the Court must consider whether the claim "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (internal citations omitted). Thus, dismissal of a claim is proper where plaintiffs' factual allegations fail to "produce an inference of liability strong enough to nudge the plaintiff's claims 'across the line from conceivable to plausible.'" Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 256 (4th Cir. 2009) (citing Iqbal, 556 U.S. at 682 (internal quotation omitted)).

In the present case, the Court has reviewed the Counterclaim and all of the assertions included therein, and concludes that the Tilleys have failed to state any legal basis for their asserted counterclaim. To the extent that the Tilleys are asserting a claim for "Barratry" for providing Court records to third parties, the Court notes that the Tilleys have cited to federal criminal law but have failed to identify the existence of a civil cause of action for barratry. Cf.

Daimler Chrysler Corp. v. Kirkhart, 148 N.C. App. 572, 580, 561 S.E.2d 276, 283 (2002) ("[T]here does not exist in this State a civil cause of action for barratry."). Moreover, the records of this Court, including all of the documents filed by the Tilleys in the present case, are public documents, available to any third party at rates set by the Judicial Conference.[1] See Federal Rule of Civil Procedure 79; Local Rule 79.1. In addition, to the extent the Tilleys are attempting to assert a counterclaim for "defamation," the Tilleys have failed to specify any alleged false and defamatory statement made by Plaintiffs about the Tilleys. Cf. Holleman v. Aiken, 193 N.C. App. 484, 668 S.E.2d 579 (2008) ("In order to recover for defamation, a plaintiff must allege that the defendant caused injury to the plaintiff by making false, defamatory statements of or concerning the plaintiff, which were published to a third person.").[2] Finally, to the extent the Tilleys are attempting to assert a claim against Plaintiffs' counsel for opposing the Tilleys'

---

[1] The Court notes that the Tilleys have attempted to file a sealed document [Doc. #40], without attempting to satisfy the relevant standards for filing a document under seal. See Stone v. University of Md. Medical System Corp., 855 F.2d 178 (4th Cir. 1988) (setting out the standard for sealing documents protected by the common law right of access based on a weighing of "competing interests," as well as the higher standard for sealing documents protected by the First Amendment based on a showing that the restriction is "narrowly tailored" and serves a "compelling interest"); Rushford v. The New Yorker Magazine, Inc., 846 F.2d 249 (4th Cir. 1988) (discussing the applicability of the First Amendment protection to documents filed in connection with motions for summary judgment); Virginia Dep't of State Police v. Washington Post, 386 F.3d 567, 576 (4th Cir. 2004) (noting that on a motion to seal, the court "must determine the source of the right of access with respect to each document, . . . [and] must then weigh the appropriate competing interests under the following procedure: it must give the public notice of the request to seal and a reasonable opportunity to challenge the request; it must consider less drastic alternatives to sealing; and if it decides to seal it must state the reasons (and specific supporting findings) for its decision and the reasons for rejecting alternatives to sealing" (internal citations omitted)). However, the Court notes that the document appears to relate to the prior continuance request and is now moot. In these circumstances, the Court will allow the Tilleys to withdraw that document [Doc. #40] within 14 days if they choose to do so. If they do not withdraw the document, it will be subject to unsealing as a part of the public record in this case.

[2] The Court also notes that to the extent that the defamation claim may be related to statements made regarding third parties, the Tilleys cannot assert a defamation claim on behalf of other individuals. In addition, to the extent the alleged defamation may relate to statements made in the course of the present legal proceeding, the statements would be privileged. See Wall v. Blalock, 245 N.C. 232, 233, 95 S.E.2d 450 (1956).

3

request for a continuance, the Tilleys have failed to establish a basis for any such claim. Accordingly, the Court will recommend that the Motion to Dismiss be granted and that the Counterclaim be dismissed.[3]

IT IS THEREFORE RECOMMENDED that Plaintiffs' Motions to Dismiss [Doc. #41, #47] be GRANTED and that the Counterclaim be dismissed.

This, the 23rd day of January, 2013.

                                                   /s/ Joi Elizabeth Peake  
                                                   United States Magistrate Judge

---

[3] The Court notes that to the extent the Answer and Counterclaim refers to "Quieting Title" and otherwise addresses the underlying dispute in this case, the Court construes those statements as the Tilleys' Answer. The Court will further consider any other issues related to the underlying claims on subsequent dispositive motions.