IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

EPCON COMMUNITIES CAROLINAS, LLC, )
and EPCON FARRINGTON LLC, )
 )
      Plaintiffs, )
  v. )    1:11CV643
 )
IRIS M. TILLEY, THOMAS E. TILLEY, )
MELBA GEORGE, BARBARA WRIGHT, )
and UNITED STATES OF AMERICA, )
 )
      Defendants, )
 )
UNITED STATES OF AMERICA, )
 )
      Counter-Claimant, )
 )
  v. )
 )
EPCON COMMUNITIES CAROLINAS, LLC, )
and EPCON FARRINGTON, LLC, )
 )
      Counter-Defendants, )
 )
BARBARA WRIGHT, )
 )
      Cross-Claimant, )
 )
  v. )
 )
UNITED STATES OF AMERICA, )
 )
      Cross-Defendant. )

<u>ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE</u>

This matter comes before the Court on (1) the United States' Motion for Judgment that Epcon Farm Trust is Nominee of Iris and Thomas Tilley [Doc. #60]; (2) Epcon Communities Carolinas, LLC's and Epcon Farrington, LLC's (the "Epcon Plaintiffs") Motion for Relief in the Nature of Interpleader [Doc. #83]; (3) the Epcon Plaintiffs' Motion for Judgment on the Pleadings and for Summary Judgment [Doc. #87]; (4) the Epcon Plaintiffs' Motion for Rule 54(b) Certification [Doc. #89]; and (5) the Epcon Plaintiffs' Consent Motion for Interpleader Order Pursuant to Settlement Agreements [Doc. #93]. For the reasons that follow, the Court will deny the United States' Motion for Judgment that Epcon Farm Trust is the Nominee of Iris and Thomas Tilley [Doc. #60] without prejudice to refiling at a later time. The Court will recommend that the Epcon Plaintiffs' Motion for Relief in the Nature of Interpleader [Doc. #83] and the Epcon Plaintiffs' Consent Motion for Interpleader Order Pursuant to Settlement Agreements [Doc. #93] be granted. The Court will also recommend that the Epcon Plaintiffs' Motion for Judgment on the Pleadings and for Summary Judgment [Doc. #87] be denied as moot. Finally, all claims by or against the Epcon Plaintiffs having been resolved, the Epcon Plaintiffs having no further interest in this litigation, and no just reason existing for delay, the Court will recommend that the Epcon Plaintiffs' Motion for Rule 54(b) Certification [Doc. #89] be granted in that the Court will recommend that the Court's dismissal of the Epcon Plaintiffs from this action be certified as a final judgment.

I.     FACTS, CLAIMS, AND PROCEDURAL HISTORY

This case involves claims related to a real estate transaction between the Epcon Plaintiffs and certain trusts allegedly controlled by Defendant Thomas Earl Tilley. According to the Complaint, on May 2, 2007, the Epcon Plaintiffs contracted to purchase certain real property from trusts associated with Defendants Thomas and Iris Tilley for $4.25 million. Defendant Thomas Tilley executed the Purchase Contract as a trustee for the B&R Farms Trust, and Defendant Iris Tilley executed the Purchase Contract as a trustee of the Tilley Six Trust. The Purchase Contract was subsequently amended on December 22, 2008, and again on April 20, 2010. The Purchase Contract, as amended, provided for the Epcon Plaintiffs to purchase the property in two phases. Phase 1, consisting of 16.364 acres, was to be purchased for $2 million, and Phase 2, consisting of 17.467 acres, was to be purchased at a later date for $2.25 million.

In accordance with that Purchase Contract, the Epcon Plaintiffs purchased Phase 1 on December 23, 2008, for $2 million. In January 2010, the B&R Farms Trust and the Tilley Six Trust conveyed the Phase 2 property to the Epcon Farm Trust – an entity which, despite its name, is unassociated with the Epcon Plaintiffs. In March and August of 2010, prior to the Epcon Plaintiffs closing on Phase 2, the Internal Revenue Service ("IRS") filed a number of liens against the Phase 2 property on assertions that the Epcon Farm Trust is a nominee and/or alter ego of Defendant Thomas Tilley, and that Defendant Thomas Tilley had unpaid taxes exceeding $6 million. Those tax liens are designated in the Durham County

3

Clerk's Office as Files Numbered 10-M-566, 10-M-1950, 10-M-1948, 10-M-2008, 10-M-1995, and 10-M-2014 (the "Federal Tax Liens").

The existence of the Federal Tax Liens rendered the Epcon Plaintiffs unable to obtain financing to complete the purchase of Phase 2 as originally contemplated. However, having already made substantial improvements to Phase 2 as part of its efforts to develop Phase 1, the Epcon Plaintiffs sought to close on Phase 2 by means of owner financing rather than abandon the property. Accordingly, the Epcon Plaintiffs closed its purchase of Phase 2 by means of a Promissory Note in the amount of $2.25 million payable to the Epcon Farm Trust [Doc. #5-6] and secured by a Deed of Trust [Doc. #5-7]. The Promissory Note specifies that the $2.25 million purchase price for the Phase 2 property will be paid to Defendants Melba George and Barbara Wright as trustees of the Epcon Farm Trust. Likewise, Melba George and Barbara Wright are designated as Beneficiaries of the Deed of Trust.

Although closing by use of owner financing enabled the Epcon Plaintiffs to record title in their name, the encumbrances on the property continue to cloud title and inhibit the Epcon Plaintiffs' ability to develop and sell that property. Accordingly, the Epcon Plaintiffs filed this action to interplead the funds owed for purchase of Phase 2, to quiet title to the Phase 2 property, and to seek damages against Thomas and Iris Tilley for breach of warranties in the Purchase Contract to deliver good and marketable title. (See Compl. [Doc. #5]; Am. Compl. [Doc. #18].) The United States answered the Complaint and filed a

counter-claim seeking a declaration that the liens against the property are valid, and seeking an order that Phase 2 be sold and the sale proceeds distributed in accordance with the rights of the parties, with the amounts attributable to Thomas Tilley's interest applied against his tax liabilities. (See Answer [Doc. #21].) Barbara Wright also answered the Complaint and asserted a cross-claim against the United States seeking a declaration that the United States' liens do not apply against her in her individual capacity or as trustee of any trusts associated with this action. (See Answer [Doc. #24].) Melba George filed a *pro se* answer to the Complaint, but did not assert any counter or cross claims. (See Answer [Doc. #38].) Finally, although the Court construed one of Thomas and Iris Tilley's responses as an answer (see Jan. 23, 2013 Order [Doc. #58] at 4 n.3), Thomas and Iris Tilley, proceeding *pro se*, never made a filing admitting or denying the allegations of the Complaint.

Of note, Thomas Tilley is a defendant in a parallel criminal proceeding related to the tax issues central to this action. See United States v. Thomas E. Tilley, No. 1:14CR130-1 (M.D.N.C.). The indictment in that case charges Thomas Tilley with violations of 26 U.S.C. § 7212(a) and 18 U.S.C. § 2 – Attempts to interfere with administration of internal revenue laws, and 26 U.S.C. § 7201 – Attempt to evade or defeat tax. Thomas Tilley has pled guilty to the offense in Count 1, and, pursuant to the terms of his Plea Agreement, Count 2 will be dismissed at sentencing, which remains pending.[1]

---

[1] As of July 1, 2015, Mr. Tilley's sentencing is set for July 30, 2015. However, on June 23, 2015, Mr. Tilley's criminal defense counsel filed a motion to continue that sentencing to the end of the October Term of Court.

The Epcon Plaintiffs and the United States reached an early settlement between themselves, although further proceedings were held in abeyance while the criminal case against Mr. Tilley was proceeding. The Epcon Plaintiffs filed the following motions in order to effectuate that settlement: (1) Motion for Relief in the Nature of Interpleader [Doc. #63]; (2) Motion for Judgment on the Pleadings and for Summary Judgment [Doc. #65]; and (3) Motion for Rule 54(b) Certification [Doc. #67]. The Epcon Plaintiffs' agreement with the United States, along with the foregoing Motions, contemplated that the Epcon Plaintiffs would deposit $1.8 million of the $2.25 million purchase price for Phase 2 into the Court's registry in accordance with a predetermined schedule. Under the terms of their agreement, the United States agreed to discharge its liens against Phase 2 and to pursue its interests instead solely as to the $1.8 million deposited with the Court. Thomas and Iris Tilley were not part of that settlement, and the Epcon Plaintiffs sought entry of summary judgment against the Tilleys and an award of damages from them of $2,623,480. With respect to the Promissory Note and Deed of Trust, the Epcon Plaintiffs sought court-ordered release of both on the basis that the $2.25 million purchase price would be satisfied by the $1.8 million deposited with the Court in conjunction with $450,000 offset for their claimed damages against Thomas and Iris Tilley. Finally, the Epcon Plaintiffs requested that the Court certify any orders related to the foregoing as final judgments under Rule 54(b) of the Federal Rules of Civil Procedure. The Epcon Plaintiffs represented that a certification of final judgment was necessary in order to obtain the financing necessary to fund the settlement with the

6

United States.

After Thomas Tilley's entry of a guilty plea in the criminal case, the Epcon Plaintiffs sought to expedite resolution of this action. The Court held a hearing on that request and the pending motions on May 4, 2015. (See Docket Entry dated May 4, 2015.) At the hearing, the Court noted its concerns with the relief requested by the Epcon Plaintiffs. Specifically, the Court noted that the allegations against Defendant Thomas Tilley in this action overlap significantly with the claims against him in the criminal proceeding and that, although Defendant Thomas Tilley has pled guilty to Count One in his criminal proceeding, his sentencing remains pending. In addition, he is proceeding *pro se* in this case where the United States is a party. Accordingly, the Court noted the need to consider any possible ramifications and objections on that issue before proceeding. In addition, the Court noted practical concerns with the Court's ability to grant the specific relief contemplated by the settlement outlined by the Epcon Plaintiffs, particularly the request for final judgment under Federal Rule of Civil Procedure 54(b) while the Epcon Plaintiffs' obligations of payment into the fund remained ongoing. The Court also noted the need for an evidentiary hearing on any damages claim and concerns with the Epcon Plaintiffs' entitlement to and calculation of certain damages amounts, particularly lost profits.

In order to address those concerns, the Epcon Plaintiffs suggested a slightly modified version of their proposed agreement with the United States, which eliminated ongoing payments to the Court's registry in favor of a lump sum payment of $1.8 million; however,

the United States had not yet had the opportunity to review that proposal. Moreover, Mr. Tilley, who appeared at the hearing *pro se*, indicated an interest in discussing the possibility of settlement in this case, and also requested the opportunity to speak to his criminal defense counsel in order to ensure that no adverse effects might result from the Court proceeding in this action prior to the sentencing in his criminal case. Accordingly, the Court set this matter for a further hearing on June 16, 2015, in order to allow for the Epcon Plaintiffs and the United States to consider a modified settlement arrangement, for the Epcon Plaintiffs to continue settlement discussions with Thomas and Iris Tilley, and for Thomas Tilley to confer with his criminal defense attorney.[2] In addition, the Court ordered the Clerk's Office to provide notice of that hearing to counsel of record in Mr. Tilley's criminal case.

Subsequently, on May 29, 2015, the Epcon Plaintiffs filed a modified settlement agreement with the United States, and filed the instant renewed Motions to effectuate that settlement. The agreement reflected by way of those Motions is largely the same as the Epcon Plaintiffs' prior agreement with the United States, although it now contemplates immediate, lump sum payment of $1.8 million into the Court's registry rather than ongoing deposits pursuant to a predetermined schedule. In addition, the Epcon Plaintiffs again sought summary judgment against Thomas and Iris Tilley, but claimed that their damages against Thomas and Iris Tilley total $5,898,250 rather than the $2,623,480 in damages previously claimed.

---

[2] The hearing was originally set for June 12, 2015, but was re-scheduled due to a conflict. (See Docket Entry dated May 12, 2015.)

8

On June 15, 2015, the Epcon Plaintiffs filed notice of a supplemental settlement agreement with Thomas and Iris Tilley. (See Notice of Supplemental Settlement Agreement [Doc. #92].) Under the terms of that agreement, the Epcon Plaintiffs would deposit $2.025 million into the Court's registry rather than $1.8 million, and would release all other claims against Thomas and Iris Tilley (effectively mooting the pending Summary Judgment Motion to the extent it applies to Thomas and Iris Tilley). In exchange, Thomas and Iris Tilley would release Phase 2 from the Deed of Trust and the related Promissory Note. Thus, in conjunction with its earlier agreement with the United States, the Epcon Plaintiffs envisioned that all claims by or against the Epcon Plaintiffs would be resolved and all encumbrances against the property would be removed. Moreover, given its lump sum payment, the Epcon Plaintiffs would have no further role in these proceedings. The Epcon Plaintiffs continued to request that they be permitted to interplead the funds at issue, that they be dismissed from this action, and that the Court certify the order effectuating the dismissal of claims by or against them, and their dismissal from this action, as a final judgment pursuant to Federal Rule of Civil Procedure 54(b).

The Court held a hearing on the Epcon Plaintiffs' renewed Motions on June 16, 2015. Michael Medford and Judson Welborn appeared on behalf of the Epcon Plaintiffs and Stephanie Sasarak appeared on behalf of the United States. Thomas Tilley, Iris Tilley, Melba George, and Barbara Wright did not appear, though James Quander, Thomas Tilley's counsel in the parallel criminal proceeding, was present. At the hearing, the Court

9

considered the Epcon Plaintiffs' proposal. The Court first considered whether this matter should proceed at this time. Mr. Tilley's criminal defense attorney noted that, in light of the nature of the settlement and the fact that the Tilleys were now included in the settlement, Mr. Tilley had no objection to proceeding with the settlement at this time.[3] Therefore, the Court proceeded with consideration of the proposed settlement. However, in considering the proposal, the Court noted the lack of any input from Melba George or Barbara Wright, who, at least nominally, are the beneficiaries of the Deed of Trust and the individuals to whom the funds under the Promissory Note are payable in their roles as trustees of the Epcon Farm Trust. Moreover, the Court addressed the Epcon Plaintiffs' proposed Interpleader Order. In that regard, the Court noted generally that the proposed Interpleader Order did not appear to accurately reflect the steps necessary among the parties to accomplish the Epcon Plaintiffs' deposit of the $2.025 million and the discharge of the liens and the release of the Promissory Note and Deed of Trust. The Court also addressed other issues with the proposed Interpleader Order, and suggested that the Epcon Plaintiffs submit a separate motion to effectuate the settlement agreements with a simplified proposed Interpleader Order accurately setting forth the agreements of the various parties and the steps, and orders, necessary to accomplish those ends. The Court granted the Epcon Plaintiffs until Friday, June 26, 2015, to consult with Melba George and Barbara Wright in attempt to garner their consent to the proposal, and to submit the revised proposed

---

[3] Mr. Tilley's criminal defense counsel did note a request to stay further proceedings regarding the competing claims to the interpleaded funds, as discussed further below, although this would not affect the settlement as to the Epcon Plaintiffs.

10

Interpleader Order with a motion to effectuate the settlement agreement.

Subsequently, on June 26, 2015, the Epcon Plaintiffs filed the instant Consent Motion for Interpleader Order Pursuant to Settlement Agreements [Doc. #93]. That Motion indicates that the Epcon Plaintiffs have now reached an additional settlement agreement with Defendants Melba George and Barbara Wright, individually and as trustees of the Epcon Farm Trust. Under that agreement, Ms. George and Ms. Wright will execute all documents reasonably necessary to cause the Deed of Trust and Promissory Note for Phase 2 to be released and to release all claims, if any, against the Epcon Plaintiffs, and, in exchange, the Epcon Plaintiffs will dismiss and release all claims against Ms. Wright and Ms. George. (Pl.'s Mot. [Doc. 93] ¶ 3; Letter Agreement [Doc. #93-1] at 12-15.) In addition, the Epcon Plaintiffs have attached a proposed order which sets out the terms the Epcon Plaintiffs believe necessary for inclusion in an order of the Court to effectuate the various agreements between the parties. (See Proposed Order [Doc. #93-1] at 1-6.)

II. DISCUSSION

    A.    Motion for Relief in the Nature of Interpleader and Consent Motion for Interpleader Order Pursuant to Settlement Agreements

Federal Rule of Civil Procedure 22 provides that "[p]ersons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead." Fed. R. Civ. P. 22(a)(1). Here, the Epcon Plaintiffs argue that interpleader is appropriate because they may be exposed to double liability if they pay the Phase 2 purchase price to any party associated with this case. That is, the Epcon Plaintiffs contend that if they

11

pay the purchase price to the United States to satisfy Thomas Tilley's alleged tax liability and to obtain discharge of the Federal Tax Liens, they may be liable to the remaining Defendants under the Promissory Note and Deed of Trust, and, if they pay Thomas and Iris Tilley or Melba George and Barbara Wright under the Promissory Note, they may be liable to the United States.

There is no opposition to the Epcon Plaintiffs' desire to interplead the funds they would otherwise owe on the subject property, and both the United States and the Tilleys have agreed to the $2.025 million amount. Moreover, given the competing claims to the funds held by the Epcon Plaintiffs, interpleader would be appropriate. Accordingly, the Court should grant the Epcon Plaintiffs' Motion for Relief in the Nature of Interpleader in that the Court should order the Epcon Plaintiffs' deposit of $2.025 million, the United States' discharge of the Federal Tax Liens, and Thomas and Iris Tilley's release of the Promissory Note and the Deed of trust, consistent with the terms set forth in the agreements among the parties. Likewise, given the propriety of interpleader generally and the consent of the various parties, the Court should grant the Epcon Plaintiffs' Consent Motion for Interpleader Order Pursuant to Settlement Agreements [Doc. #93] and effectuate the orders necessary to enable the Epcon Plaintiffs to deposit the agreed-upon amount with the Court.

B.    Motion for Judgment on the Pleadings

Given the foregoing, and given the agreements now in place between the Epcon

12

Plaintiffs, Thomas and Iris Tilley, and Melba George and Barbara Wright, the Epcon Plaintiff's Motion for Judgment on the Pleadings and for Summary Judgment [Doc. #87] is rendered moot. In that regard, the Court notes that the Complaint brings three claims: (1) To Quiet Title; (2) Interpleader; and (3) Alternative Claim for Breach of Warranties. (See Compl. [Doc. #5].) The Epcon Plaintiffs' first claim is resolved by way of its agreements with the United States and with Thomas and Iris Tilley, Melba George, and Barbara Wright to discharge the tax liens and to release the Promissory Note and Deed of Trust. The Epcon Plaintiffs' third claim is resolved by way of the Epcon Plaintiffs' agreement with Thomas and Iris Tilley to release all claims against them. The Epcon Plaintiffs' second claim for Interpleader is resolved as to the Epcon Plaintiffs and will remain ongoing to the extent that the United States and the remaining Defendants proceed in this action separate from any involvement by the Epcon Plaintiffs, which is the relief sought by the Epcon Plaintiffs.

  C. Rule 54(b) Certification

Rule 54 provides, in relevant part: "When an action presents more than one claim for relief – whether as a claim, counterclaim, crossclaim, or third-party claim – or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). The Court's order effectuating the settlement agreements between the parties resolves all claims by or against the Epcon Plaintiffs and concludes the Epcon Plaintiffs' involvement in this matter. That is, as noted above, the

13

Complaint brings three claims: (1) To Quiet Title; (2) Interpleader; and (3) Alternative Claim for Breach of Warranties. (See Compl. [Doc. #5].) Only the Interpleader claim would remain, and only with respect to further litigation between the United States, Thomas and Iris Tilley, and Barbara Wright and Melba George to assert their respective claims in the funds deposited with the Court. With no further claims by or against the Epcon Plaintiffs, and with the Epcon Plaintiffs making no claim to the money deposited with the Court, they have no further interest in this action, and Rule 54(b) certification is appropriate. See, e.g., Ergo Science, Inc. v. Martin, 73 F.3d 595, 597-98 (5th Cir. 1996). Accordingly, there is no just reason for delaying entry of a final judgment as to the Epcon Plaintiffs.

D.    Remaining Proceedings

At the June 16, 2015 hearing, the Court also addressed the United States' Motion for Judgment that Epcon Farm Trust is Nominee of Iris and Thomas Tilley [Doc. #60]. In that Motion, the United States requests that "this Court enter an order adjudging and decreeing that the Epcon Farm Trust is the nominee of Iris and Thomas Tilley, and that there is no just reason for delay in entering such judgment pursuant to Fed. R. Civ. P. 54(b)." (Mot. [Doc. #60] at 1.) The United States asserts its belief that such relief is appropriate based on Thomas and Iris Tilley's failure to provide discovery to the United States as previously ordered by the Court. (Id.)

To the extent the United States requested entry of a final judgment on this issue, the Court noted during the hearing that there would be no basis for such a factual finding to

14

warrant certification as a final judgment under Rule 54.  In addition, the Court raised some concerns regarding the impact that factual finding may have on Thomas Tilley's criminal matter, particularly to the extent that the Motion is based on Mr. Tilley's failure to answer the United States' interrogatories in this case, proceeding *pro se*, while the criminal proceeding is not completely resolved.  Accordingly, rather than address the United States' Motion at this time, the Court will deny that Motion, without prejudice to refiling as part of the resolution of the competing claims in this case as discussed during the hearing.

Moreover, during the hearing, there was some question regarding which claims, if any, the United States was asserting specifically against Thomas and Iris Tilley, and the Court noted the potential need to realign the parties once the Epcon Plaintiffs are released from this action.  Thus, to more efficiently address all of these matters, the Court ordered the United States to file a statement of the status of the proceedings with the Court on or before September 16, 2015.  That statement should address whether and how the parties should be realigned, the nature of the United States' claims, and a proposed schedule for future proceedings.  After that Statement is filed, the Court will enter an order outlining the procedure for the assertion of competing claims to the funds deposited with the Court and for the resolution of any other claims among the Defendants after the Epcon Plaintiffs are dismissed from the case.

As a final matter, the Court also raised with counsel for the United States the question of whether a further stay of these proceedings would be appropriate after the

15

Epcon Plaintiffs' release from this action, with respect to any further proceedings between the United States, Thomas and Iris Tilley, Melba George and Barbara Wright. "Federal courts have recognized that they have the authority and discretion to stay civil proceedings, including staying discovery, pending a parallel criminal case where the interests of justice require." U.S. Tobacco Inc. v. Big South Wholesale of Va., LLC, No. 5:13-CV-527-F, 2014 WL 4923627, at *2 (E.D.N.C. Sept. 30, 2014) (citing Bridgeport Harbour Place I, LLC v. Ganim, 269 F. Supp. 2d 6, 8 (D. Conn. 2002)). In this case, Mr. Tilley, through counsel in his criminal case, specifically requested that further proceedings be stayed while the sentencing is still pending. Counsel in Mr. Tilley's criminal case noted in particular his concerns regarding Mr. Tilley appearing before the Court *pro se*, or otherwise responding to the United States' claims without the assistance of counsel, while his sentencing remains pending. The Court shares similar concerns, particularly given the extensive overlap between the cases, the status of the criminal case which is pending sentencing, the lack of any other remaining private interests given that it appears that the competing claims for the interpleaded funds will be between Mr. Tilley and the United States, and the interest of the courts in protecting against interference with the criminal proceeding and handling these overlapping matters in the most appropriate, efficient, and just manner. Therefore, the Court will direct the United States, in its statement of the status of the proceedings, to also address the propriety of staying this matter until the full resolution of Thomas Tilley's

16

criminal proceedings.[4]

III. CONCLUSION

IT IS THEREFORE ORDERED that United States' Motion for Judgment that Epcon Farm Trust is Nominee of Iris and Thomas Tilley [Doc. #60] is DENIED without prejudice to refiling during the subsequent proceedings to resolve the competing claims.

IT IS FURTHER ORDERED that, on or before September 16, 2015, the United States shall file a Statement of Status of the Proceedings, addressing whether and how the parties should be realigned, the nature of the United States' claims going forward, a proposed schedule for future proceedings, and whether a stay until the completion of Thomas Tilley's criminal proceedings is appropriate.

IT IS RECOMMENDED that the Epcon Plaintiffs' Motion for Judgment on the

---

[4] The United States previously filed a Statement [Doc. #91] stating its position that the civil matter could proceed while the criminal case is pending. In addition, during the hearing the United States noted a general policy, apparently of the IRS, to oppose stays in civil cases with parallel criminal proceedings. However, Mr. Tilley's criminal defense counsel has now specifically requested a stay of the civil proceeding on Mr. Tilley's behalf, in light of concerns regarding the impact and overlap with the criminal case. In addition, as noted by the Court during the hearing, the case cited by the United States in its Statement involved a parallel civil proceeding against a corporation, in which the individual officer could have refused to answer interrogatories. See United States v. Kordel, 397 U.S. 1, 7-9 (1970) (noting that the criminal defendant in that case "could have invoked his Fifth Amendment privilege against compulsory self-incrimination" in the civil case since there were presumably other individuals who could answer the interrogatories on behalf of the corporation without the possibility of compulsory self-incrimination, but also noting that in a hypothetical situation where no one could answer on behalf of the corporation without 'real and appreciable' risk of self-incrimination, "we may assume that in such a case the appropriate remedy would be a protective order under Rule 30(b), postponing civil discovery until termination of the criminal action" (citing Paul Harrigan & Sons v. Enterprise Animal Oil Co., 14 F.R.D. 333 (E.D. Pa. 1953))). In contrast, in this case, the United States specifically seeks relief based on Mr. Tilley's failure and refusal to respond to interrogatories individually, proceeding *pro se*, despite the fact that the criminal case is now pending. Cf. Kordel, 397 U.S. at 11-12 (noting that the proceeding in that case did not involve a case where the defendant was proceeding without counsel or other similar circumstances that "might suggest the unconstitutionality or even the impropriety of this criminal prosecution." (citing Nelson v. United States, 208 F.2d 505, 510, 512, and n.19 (D.C. Cir. 1954)).

Pleadings and for Summary Judgment [Doc. #87] be denied as moot.

IT IS FURTHER RECOMMENDED that the Epcon Plaintiffs Motion for Relief in the Nature of Interpleader [Doc. #83] and Consent Motion for Interpleader Order Pursuant to Settlement Agreements [Doc. #93] be granted in that the Court should Order that:

1. The Epcon Plaintiffs shall deposit the aggregate amount of $2,025,000.00 (the "Interpleaded Funds") with the Clerk of Court within 10 days after the Order becomes final due to expiration of the deadline for appeal. The Interpleaded Funds shall be accepted by the Clerk and deposited in an interest-bearing account, and shall be held by the Court subject to the ultimate disposition of the competing claims for such funds between the United States, Thomas Tilley, Iris Tilley, Melba George and Barbara Wright.

2. The Phase 2 property shall be discharged from the Federal Tax Liens, effective upon the Epcon Plaintiffs' deposit of the Interpleaded Funds, pursuant to the settlement agreement with the United States. The United States shall provide appropriate certificates of discharge under 26 U.S.C. § 6325(f)(1)(B) to evidence such discharge on the public record of Durham County.

3. The Promissory Note shall be deemed to be paid and satisfied in full and the Deed of Trust cancelled, both effective upon deposit of the Interpleaded Funds by the Epcon Plaintiffs. Melba George, Barbara Wright, Thomas Tilley and Iris Tilley, and the Trustee under the Deed of Trust (or any substitute Trustee thereunder) shall

18

execute all documents reasonably necessary to evidence the cancellation on the Durham County public record and provide the Epcon Plaintiffs with good and marketable title to the Phase 2 property free of the lien of the Deed of Trust under applicable North Carolina law and procedure. The Epcon Plaintiffs shall cause a copy of this Order to be served on the Trustee under the Deed of Trust and any substitute Trustee under that Deed of Trust so that they will be aware of their obligations under this Order.

4. All claims and counterclaims between the Epcon Plaintiffs, on the one hand, and the United States, Thomas and Iris Tilley, and Melba George and Barbara Wright, on the other hand, shall be dismissed with prejudice. Thus, all claims by and against the Epcon Plaintiffs will be dismissed, but all claims among the remaining parties, including any claims as to the Interpleaded Funds, will remain for further adjudication.

5. All parties shall bear their own fees, costs and litigation expenses with respect to the claims by and against the Epcon Plaintiffs.

6. The following limitations are specifically noted:

   A. The Order does not constitute a waiver or discharge of any federal tax liens with respect to any property owned by Thomas and Iris Tilley, except the Phase 2 property, nor shall it prohibit the United States from issuing new notices of levy to the Clerk of Court with respect to the Interpleaded Funds.

B. The Order does not constitute a finding that any of the funds to be deposited with the Court are subject to valid federal tax liens or notices of levy.

C. The Order does not address or resolve any claims or contentions among the remaining parties regarding the nominee or alter-ego status of any trusts associated in this action or whether their trustees are bona fide trustees of those trusts.

7. The Court retains jurisdiction over any enforcement of the Order.

IT IS FURTHER RECOMMENDED that the Epcon Plaintiffs' Motion for Rule 54(b) Certification [Doc. #89] be granted, given that all claims by and against the Epcon Plaintiffs have been resolved, the Epcon Plaintiffs have no further interest in this action, and no just reason exists for delay, and the Order should therefore be entered as a final judgment as to the Epcon Plaintiffs pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

This, the 2nd day of July, 2015.

                                                 /s/ Joi Elizabeth Peake
                                                   United States Magistrate Judge